**State of Vermont**
**Superior Court—Environmental Division**

=======================================================================
# E N T R Y   R E G A R D I N G   M O T I O N
=======================================================================

**In re Main St. Place, LLC (50 & 58 Main St.)**                    **Docket No. 46-3-10 Vtec**
**(Appeal of ZBA denial of conditional use approval)**

**In re Main St. Place, LLC Demolition Application**              **Docket No. 120-7-10 Vtec**
**(Appeal of ZBA denial of demolition permit)**

**In re Main St. Place, LLC Demolition Permit**                    **Docket No. 191-11-10 Vtec**
**(Appeal of Planning Commission grant of demolition permit)**

**In re Main St. Place, LLC (PC tie vote)**                          **Docket No. 168-11-11 Vtec**
**(Appeal of claimed non-decision by Planning Commission)**

**In re Main St. Place, LLC (Procedural Issue)**                    **Docket No. 70-5-11 Vtec**
**(Appeal of ZBA determination on claimed improper warning by ZA)**

Title: Request to Impose Phased Construction/Dismiss (Filing No. 6)

Filed: February 12, 2013

Filed By: Applicant/Appellant Main Street Place, LLC

Response in Opposition filed on 2/22/13 by Interested Person Village of Derby Line

  _X_ Granted (in part)        _X_ Denied (in part)        ___ Other

The five above referenced appeals all concern various stages and review for the same project proposed by Main Street Place, LLC ("Applicant") for redevelopment of a combined site at 50 – 58 Main Street in the Town of Derby, Vermont.  The proposed redevelopment project consists of the demolition of existing buildings, re-grading of the site, and construction of an automotive fueling station and convenience store on the combined rehabilitated lots.

In five separate Entry Orders, all issued on June 19, 2012, the Court previously addressed multiple inter-related pre-trial motions filed by Applicant and the Village of Derby Line ("Village").[1]  The Court concluded that none of the motions presented provided grounds for a final resolution of any of the then-pending appeals and therefore directed that the parties prepare for trial.

---

[1]  (1) In re Main Street Place, LLC (50–58 Main St ), No 46-3-10 Vtec (EO on Motion for Partial SJ)(06-19-2012);
   (2) In re Main Street Place, LLC (50–58 Main St ), No 120-7-10 Vtec (EO on SJ Motion)(06-19-2012);
   (3) In re Main Street Place, LLC PC Appeal, No 168-11-10 Vtec (EO on Motion for Ext. of Time)(06-19-2012);
   (4) In re Main Street Place, LLC PC Appeal, No 168-11-10 Vtec (EO on Cross-Motions for SJ)(06-19-2012); and
   (5) In re Main Street Place, LLC (Multiple Dockets), No 168-11-10 Vtec (EO on Motion to Dismiss)(06-19-2012).

Applicant then suggested, at the Court's last pre-trial conference, held on January 7, 2013, that one of the legal determinations previously rendered by the Court may be the basis for a stipulated resolution of some, if not all, of the pending appeals.  Specifically, Applicant referenced the Court's determination that Section 402.1 of the Town of Derby Zoning Bylaw ("Bylaw") governs the proposed development and that the parcel of land on which Applicant proposes to construct its new retail gas/convenience store facility must have a minimum of 150 feet of road frontage.  See In re Main Street Place, LLC (50–58 Main St ), No. 46-3-10 Vtec (EO on Motion for Partial SJ), slip op. at 3 (Vt. Super. Ct. Envtl. Div. Jun. 19, 2012) (Durkin, J.) (concluding that "Bylaw § 402.1 regulates both Auto Service Stations and Auto Service Station/Mini Marts and requires a lot frontage of at least 150 feet where these uses are permitted or conditional").

The Court responded to Applicant's suggestion at the January 7, 2013 conference by requesting that Applicant seek a stipulation with the other parties or file the appropriate motion, so that the Court could properly consider Applicant's suggested resolution of one or more of the pending appeals.  In response, Applicant on February 12, 2013 filed its motion, entitled "Request To Impose Phased Construction Schedule And Dismiss (With Prejudice If Necessary)."  (Applicant's Request at 1, filed Feb. 12, 2013).  Applicant listed all five pending appeals in the caption of its motion.  Id.  The narrative of Applicant's motion appears to suggest that Applicant intends to submit a revised application for the construction of its proposed project, after acquiring additional land so that it may satisfy the 150-foot frontage requirement. Id.  Applicant also requests through its motion that the Court "impose a phased construction schedule," which the Court understands to be a reference to the demolition and site clearing phases of Applicant's project.  Id.  Since Applicant's counsel estimates that the process of obtaining additional land and seeking a new construction permit "could easily take four years," Applicant asks this Court to authorize an extension of its permit authority to demolish the existing buildings and clear the site until after it secures a permit for its revised construction project.  Id. at 1–2.

Applicant suggests what appears to the Court to be a sensible schedule for how its project may go forward, but it would be improper for this Court to simply grant all the relief Applicant seeks.  The Village has filed its opposition to Applicant's pending motion and Applicant has not presented any agreement to its suggestions from the Town of Derby ("Town"), the only other party to appear in any of these appeals.  We have before us five appeals that are now ripe for trial, and absent legal authority or a stipulation by all parties, this Court is not empowered to simply dispose of any of the pending appeals prior to trial.

Applicant does have a unilateral right to dispose of one or more of the pending appeals, including those that were brought not by Applicant, but by some other party: Applicant may choose to withdraw its application, since Applicant's applications in each of the pending appeals serve as the legal foundation for our de novo review.  If Applicant's intent is to withdraw one or more of its applications, we would have no matter to consider in a de novo trial.  To the extent that Applicant seeks to withdraw an application that was approved by the municipal panel below, their withdrawal and this Court's dismissal will result in the prior approval being vacated.

We understand that Applicant wishes to withdraw its applications in the municipal approvals or denials of its construction project.  Based upon that understanding, we **GRANT** Applicant's request for dismissal of the following appeals: In re Main St. Place, LLC (50 & 58

Main St.), No. 46-3-10 Vtec (Appeal of ZBA denial of conditional use approval); In re Main St. Place, LLC (PC tie vote), No. 168-11-11 Vtec (Appeal of claimed non-decision by Planning Commission); and In re Main St. Place, LLC (Procedural Issue), No. 70-5-11 Vtec (Appeal of ZBA determination on claimed improper warning by ZA).  As a consequence of Applicant's withdrawal of the applications pending in each of these dockets, we also direct that any approvals issued (including under the doctrine of deemed approval) are hereby **VOIDED**.

While Applicant initially appears to seek dismissal of all the pending appeals, the narrative in the later part of its motion suggesting that demolition and site clearing should be allowed to be phased over a period of up to four years appears to speak to an outcome other than dismissal.  We cannot direct the outcome Applicant seeks in the two remaining appeals unless and until the other parties have stipulated to such an outcome.[2]  Absent such a stipulation, these two remaining appeals remain pending and awaiting trial.

Therefore, so as to afford the parties a final opportunity to determine whether they can reach a stipulation for the resolution of the two outstanding appeals, the Court will afford the parties an additional thirty days to secure such a stipulation and file it with the Court.  Absent such a stipulation being filed, the Court will endeavor to set the two remaining appeals for trial.[3]  The Court will conduct a final pre-trial conference, per the attached notice of hearing.  The parties are directed to inform the Court, in writing at least five business days prior to this conference, of their unavailable days for trial during the month of September, 2013.

_____          _____April 3, 2013_____
          Thomas S. Durkin, Judge                                        Date

=================================================================

Date copies sent to:  _____                              Clerk's Initials _____
Copies sent to:
   Pietro J. Lynn, Attorney for Main Street Place, LLC
   Jon T. Anderson, Attorney for Main Street Place, LLC
   Robert Halpert, Attorney for Town of Derby
   Paul S. Gilles, Attorney for Village of Derby Line

---

[2]  Applicant's suggestion that the Court order a four-year phasing of their project raises additional concerns, given that Bylaw § 406 appears to impose a two year limitation on a project's construction time period.  To the extent that Applicant is seeking an extension of its construction schedule beyond this two year limitation (and such an extension may be allowed under Bylaw § 406), Applicant's extension request must first be considered by the appropriate municipal panel before this Court can consider such a request on appeal, unless all the parties consent by stipulation to the Court granting such an extension.

[3]  The two appeals remaining for trial are In re Main St. Place, LLC Demolition Application, No. 120-7-10 Vtec (Appeal of ZBA denial of demolition permit) and In re Main St. Place, LLC Demolition Permit, No. 191-11-10 Vtec (Appeal of Planning Commission grant of demolition permit).